IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LYNN POTTER,                           )
                                       )
            Plaintiff,                 )
                                       )
       v.                              )    No. 06 C 4811
                                       )
ELECTROLUX HOME PRODUCTS, INC.,        )
                                       )
            Defendant.                 )

**MEMORANDUM OPINION AND ORDER**

Plaintiff Lynn Potter allegedly injured her hand and arm when she reached into a washing machine before the drum stopped turning. Plaintiff alleges this was caused by a defective door lock/switch. Plaintiff, an Illinois citizen, brought suit in the Circuit Court of Cook County, Illinois. Named as defendants were the manufacturer of the washing machine (Electrolux Home Products Inc., a Delaware and Georgia citizen) and the retailer where plaintiff purchased the washing machine (BassGar-Illinois, Inc., d/b/a Grants Appliance Electronics & More, an Illinois citizen (hereinafter "Grants")). The amount in controversy exceeds $75,000. The First Amended Complaint contained four counts. Counts I and II, respectively labeled strict liability and breach

of warranty, are against Electrolux. Counts III and IV, respectively labeled strict liability and breach of warranty, are against Grants.

On August 22, 2002, the Circuit Court dismissed Counts II and IV. The order regarding Count IV states that it is by agreement. Grants moved to dismiss Count III under 735 ILCS 5/2-621(b) on the ground that it was not the manufacturer of the washing machine. On August 30, 2002, the Circuit Court granted that motion, which took Grants out of the case. With Grants out of the case, there was complete diversity of citizenship between the two remaining parties. According to undisputed representations made in this court, Grant's motion to dismiss was granted without consideration of the merits because plaintiff's counsel, due to having miscalendared the hearing, failed to appear to oppose the motion. Upon counsel's realization of the error, plaintiff promptly moved for reconsideration reinstating Count III. However, before the reconsideration motion could be heard in state court, Electrolux removed the case to federal court. Before the federal court, plaintiff has moved for reconsideration reinstating Count III against Grants[1] and has also moved to remand the case to state court since Grants' reinstatement would destroy diversity.

---

[1] Notice of the motion for reconsideration was provided to Grants and Grants appeared at the court hearing at which the motion for reconsideration was addressed.

The version of § 2-621 that is in effect does not include 1995 amendments made by Public Law 89-7, but which have been held to be unconstitutional. See Best v. Taylor Machine Works, 179 Ill. 2d 367, 689 N.E.2d 1057 (1997); Caterpillar, Inc. v. Usinor Industeel, 393 F. Supp. 2d 659, 684-85 (N.D. Ill. 2005). Section 2-621 applies to "any product liability action based in whole or in part on the doctrine of strict liability in tort commenced or maintained against a defendant . . . other than the manufacturer." 735 ILCS 5/2-621(a). Generally, after a defendant retailer certifies the identity of the manufacturer of the offending product and the manufacturer is joined as a defendant, any "strict liability in tort claim against the certifying defendant" is dismissed. Id. 2-621(b). One exception to this provision is that a "court shall not enter a dismissal order relative to any certifying defendant . . . where the plaintiff can show . . . [t]hat the defendant had actual knowledge of the defect in the product which caused the injury." Id. 2-621(c)(2) (emphasis added). In ¶ 19 of the First Amended Complaint, plaintiff alleges that Grants had such knowledge. Plaintiff does not contend that she can actually show that Grants had such knowledge, but seeks Grants' reinstatement so that she can seek such evidence through discovery.

Plaintiff's motion for reconsideration will be granted so that the state court will have an opportunity to address the

The version of § 2-621 that is in effect does not include 1995 amendments made by Public Law 89-7, but which have been held to be unconstitutional. See Best v. Taylor Machine Works, 179 Ill. 2d 367, 689 N.E.2d 1057 (1997); Caterpillar, Inc. v. Usinor Industeel, 393 F. Supp. 2d 659, 684-85 (N.D. Ill. 2005). Section 2-621 applies to "any product liability action based in whole or in part on the doctrine of strict liability in tort commenced or maintained against a defendant . . . other than the manufacturer." 735 ILCS 5/2-621(a). Generally, after a defendant retailer certifies the identity of the manufacturer of the offending product and the manufacturer is joined as a defendant, any "strict liability in tort claim against the certifying defendant" is dismissed. Id. 2-621(b). One exception to this provision is that a "court shall not enter a dismissal order relative to any certifying defendant . . . where the plaintiff can show . . . [t]hat the defendant had actual knowledge of the defect in the product which caused the injury." Id. 2-621(c)(2) (emphasis added). In ¶ 19 of the First Amended Complaint, plaintiff alleges that Grants had such knowledge. Plaintiff does not contend that she can actually show that Grants had such knowledge, but seeks Grants' reinstatement so that she can seek such evidence through discovery.

Plaintiff's motion for reconsideration will be granted so that the state court will have an opportunity to address the

merits of Grants' motion to dismiss. Defendant Electrolux contends this court should first address the merits of Grants' § 2-621 motion and not grant reconsideration unless the § 2-621 motion would be denied. Since this is a state law issue, it is better to first allow the state court to have the opportunity to address the merits of the issue. Without fully resolving the merits of the issue, it is found that plaintiff has a nonfrivolous basis for arguing that Grants is not entitled to dismissal from this case.

First, under the version of § 2-621 that is presently in effect, only a "strict liability in tort claim" is subject to dismissal. 735 ILCS 5/2-621(b). The Count IV breach of warranty claim would not be subject to dismissal under § 2-621. Usinor, 393 F. Supp. 2d at 684-85. However, prior to the August 30 dismissal of Grants, plaintiff had agreed to dismiss Count IV. Count III is labeled as a strict liability count. Such labels, however, are not controlling in federal court. Forseth v. Village of Sussex, 199 F.3d 363, 368 (7th Cir. 2000); Kirksey v. R.J. Reynolds Tobacco Co., 168 F.3d 1039, 1041 (7th Cir. 1999); Paige v. Hines, 2006 WL 2252703 *2 (N.D. Ill. Aug. 3, 2006). In Count III, it is alleged that Grants knowingly sold a defective and dangerous washing machine. That can be construed as an allegation of negligence. See Werckenthein v. Bucher Petrochemical Co., 248 Ill. App. 3d 282, 618 N.E.2d 902,

907-08 (1st Dist. 1993). Cf. Blue v. Environmental Engineering, Inc., 215 Ill. 2d 78, 828 N.E.2d 1128, 1141-42 (2005) (distinguishing strict liability and negligence product design claims). Negligence claims are not strict liability claims and therefore are not subject to dismissal under § 2-621. Link by Link v. Venture Stores, Inc., 286 Ill. App. 3d 977, 677 N.E.2d 486, 488 (5th Dist.), appeal denied, 174 Ill. 2d 566, 686 N.E.2d 1163 (1997); Korologos v. Radium Chemical Co., 1986 WL 7700 *3 (N.D. Ill. June 27, 1986); Ison v. Invacare Corp., 2004 WL 539982 *1 (N.D. Ill. March 12, 2004) (dictum). See also Ungaro v. Rosalco, Inc., 948 F. Supp. 783, 786 (N.D. Ill. 1996) (1995 amendment to § 2-621 extended application to negligence claims). Even if any strict liability aspect of plaintiff's claim against Grants is subject to dismissal under § 2-621, any negligence claim apparently would survive.

Second, plaintiff contends that the § 2-621(c)(2) exception would apply because it alleges that Grants had knowledge of the defective washing machine door. A federal case has held that, in federal court, the invocation of § 2-621 should be treated the same as a Fed. R. Civ. P. 12(b)(6) motion. At the pleading stage in federal court, the First Amended Complaint's allegation of knowledge would apparently be sufficient to invoke the subsection (c)(2) exception and prevent dismissal at this time. See Indeck Power Equipment Co. v. Jefferson Smurfit Corp.,

881 F. Supp. 338, 342 (N.D. Ill. 1995). At least one state court case has placed emphasis on the use of "show" in subsection (c), indicating that a plaintiff must making "a showing" to invoke a subsection (c) exception. See Logan v. West Coast Cycle Supply Co., 197 Ill. App. 3d 185, 553 N.E.2d 1139, 1143 (2d Dist. 1990). In that case, however, the plaintiff had not alleged actual knowledge to support a subsection (c)(2) exception, having only alleged that "it is possible an expert may testify" to that effect. Id. Even if plaintiff's remaining claim against Grants is construed as a strict liability claim only, it is possible that plaintiff's allegation of knowledge is sufficient to defeat Grants' motion to dismiss or that plaintiff would otherwise be permitted discovery prior to the dismissal of Grants.

For the foregoing reasons, plaintiff has a nonfrivolous basis for contending that Grants should not be dismissed. Plaintiff's motion for reconsideration is granted. The prior ruling granting defendant Grants' motion to dismiss is vacated. Therefore, Count III is reinstated, which brings Grants back into the case and destroys diversity. Grants' motion to dismiss remains pending and will not be ruled upon prior to the remand. The merits of that motion are left for the Circuit Court to rule upon in the first instance. Grants should notice that motion for presentation before the Circuit Court so that the Circuit Court

will be aware it is pending and so that plaintiff will have the opportunity to appear on the motion and oppose it.

IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration [12] is granted in part and denied in part. The prior ruling on defendant Grants' motion to dismiss is vacated without prejudice so that the motion to dismiss is again pending. Count III of the First Amended Complaint is reinstated. Plaintiff's motion to remand [9] is granted. The Clerk of the Court is directed to remand this case to the Circuit Court of Cook County, Illinois, County Department, Law Division. Each party shall bear its own costs on removal.

ENTER:

/s/ William T. Hart
UNITED STATES DISTRICT JUDGE

DATED: OCTOBER 11, 2006